12-3088
Lin v. Holder

BIA
A089 204 170

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand thirteen.

PRESENT:
>        PIERRE N. LEVAL,
>        JOSÉ A. CABRANES,
>        BARRINGTON D. PARKER,
>            *Circuit Judges.*

_____

WEN QING LIN,
>        *Petitioner,*

> v.                                              12-3088
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Thomas V. Massucci, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Sabatino F. Leo, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Wen Qing Lin, a native and citizen of the People's Republic of China, seeks review of a July 13, 2012, decision of the BIA denying her motion to reopen. *In re Wen Qing Lin*, No. A089 204 170 (B.I.A. July 13, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). While the BIA has "broad discretion" to grant or deny motions to reopen, *see INS v. Doherty*, 502 U.S. 314, 322 (1992), "[a]n abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner," *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA denied Lin's motion to reopen on the basis that her evidence was insufficient to establish her prima facie eligibility for relief. Although the BIA applied the appropriate standard for motions to reopen, as set forth in *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005), the decision suggests that the BIA failed to understand the nature of Lin's claim. First, the BIA held that the record evidence did not establish that Lin had a well-founded fear of persecution in China on account of her Christianity, when in fact Lin claimed that she feared persecution as a Roman Catholic, and presented evidence of specific problems between Roman Catholics and the Chinese government. Furthermore, the BIA rejected Lin's expert affidavit based on two apparent inconsistencies, finding: (1) the author's statement that, "the Roman Catholic Church is a banned organization in China," to be inconsistent with his statement that "[t]he control of the Roman Catholic church has been a consistent aim of the Chinese government for many years"; and (2) that the author's statement that the Roman Catholic Church is banned was inconsistent with Lin's evidence that there is state-sponsored Catholic church.

The BIA's conflation of Christianity in general and Roman Catholicism in particular, as well as its rejection of Lin's expert affidavit suggests that either the BIA failed to consider Lin's evidence, or did not understand the import of Lin's argument that there is a distinction between the Roman Catholic church, which is aligned with the Vatican and the state-sponsored Catholic church in China which operates via the Patriotic Association of Chinese Catholics and has been reported to persecute members of the Roman Catholic church. Accordingly, although we express no opinion as to the ultimate outcome on remand, we remand for the BIA to more fully consider the record as it pertains to Lin's specific claim that she will practice her religion in an underground Roman Catholic church. *See Poradisova*, 420 F.3d at 78; *see also Wei Guang Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006) (noting that the BIA does not need to "expressly parse or refute on the record" each piece of evidence submitted by the petitioner, so long as it demonstrates that it gave "reasoned consideration" to the petition).

For the foregoing reasons, the petition for review is GRANTED. As we have completed our review, any stay of

4

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

5